# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS D. EMILY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10CV00009 ERW |
| | ) | |
| CRAIG ALLISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to file an amended complaint. On February 18, 2010, the Court dismissed plaintiff's complaint under 28 U.S.C. § 1915(e) because it failed to state a claim upon which relief can be granted. However, it appears that plaintiff placed his motion to amend his complaint along with his proposed amended complaint in the prison mailbox system on February 16, 2010. See Sorensen v. Tidwell, 114 Fed. Appx. 226 (8th Cir. 2004) (applying prison mailbox rule to filing of amended complaint). Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff may amend his complaint once as a matter of course. As a result, the Court will grant the motion to amend and vacate its previous dismissal of this case. Furthermore, the Court has reviewed the amended complaint and will dismiss it under 28 U.S.C. § 1915(e).

## The Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Craig Allison (Captain, Montgomery County Jail) and Brad Pape (Sergeant, Montgomery County Jail). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that on June 3, 2008, he was punched in the mouth by another inmate at the Montgomery County Jail (the "Jail"). Plaintiff says that he notified both defendants about the incident. Plaintiff claims that defendant Pape ordered him to eat and then call defendants over the intercom. Plaintiff states that he could not eat and that he informed Pape of this. Plaintiff avers that Pape looked into his mouth with a flash light and told him he was fine. Plaintiff says he told Pape he thought his jaw was broken. Plaintiff claims that Pape then told him to return to his pod or Pape would lock him down.

Plaintiff alleges that a few hours later Pape told he could not go to the doctor and that he was fine. Plaintiff says he continued to complain of pain the following day and Pape told plaintiff to "quit crying and shut up." Plaintiff claims that shortly thereafter he bonded out of the Jail. Plaintiff states that he was then detained in the Lincoln County Jail for a few days. Plaintiff alleges that shortly thereafter he went to the Lincoln County Hospital, where X-rays were taken of his jaw. Plaintiff maintains that the doctor told him that his jaw was fractured and that it had been fractured for so long

that the only treatment option was to go on a soft diet for 12 weeks. Plaintiff says he still has pain and that his jaw is not lined up with the rest of his mouth.

## Discussion

The amended complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Orders dated February 18, 2010, are **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to file an amended complaint [#7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the amended complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [#9] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [#8] is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 2nd day of March, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE